26 F.3d 136
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Samuel Alfonso WILLIAMS, Jr., Petitioner-Appellant,
v.
B.J. BUNNELL, Warden, and Attorney General, State of
California Respondent-Appellee.
 No. 93-15442.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 7, 1994.
Decided June 1, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Samuel Alfonso Williams, Jr., a California state prisoner, appeals the district court's denial of his petition for a writ of habeas corpus. Following a hung jury in his first trial on the charge of felony-murder, Williams was convicted in his retrial on that charge. On appeal, Williams contends that: (1) his retrial on the felony-murder charge violated the Double Jeopardy Clause; (2) the prosecution was collaterally estopped from presenting certain evidence at his retrial on the felony-murder charge; (3) the jury's inability to reach a verdict on the felony-murder charge in the first trial constituted an implied acquittal; and (4) he was given constitutionally insufficient notice of the legal theory under which he was convicted. We have jurisdiction pursuant to 28 U.S.C. Secs. 1291 and 2253, and we affirm.
 
 I.
 
 3
 Williams contends that his retrial on the felony-murder charge violated the Double Jeopardy Clause. He had been convicted in the first trial of robbery and burglary, but the jury was unable to reach a unanimous verdict on the murder charge.
 
 
 4
 It is well established that conducting a retrial following a hung jury does not violate double jeopardy. Richardson v. United States, 468 U.S. 317, 324-25 (1984). This rule was recently reaffirmed by this court in United States v. Seley, 957 F.2d 717 (9th Cir.1992). As we explained in Seley, "retrials following hung juries do not cause double jeopardy because the failure of the jury to reach a verdict means that jeopardy has not yet terminated." Id. at 719-20 (citing Richardson, 468 U.S. at 324-35).
 
 
 5
 In the present case, there has been no attempt by the prosecution to gain an advantage by litigating the individual charges piecemeal. Williams was charged with both murder and the underlying felonies at the first trial. The need for a retrial arose only because the first trial jury was unable to reach a verdict on the felony-murder count. "By definition, such a retrial is a continuation of a single prosecution, not a successive prosecution." Seley, 957 F.2d at 720. Therefore, Williams' retrial did not violate the Double Jeopardy Clause.
 
 II.
 
 6
 Williams asserts that the prosecution was collaterally estopped from presenting evidence concerning the robbery or burglary offenses in the retrial of the felony-murder charge, because the prosection obtained a conviction on those charges at the first trial. This argument has no merit. The Supreme Court has recently stated that the factual predicate for application of the doctrine of collateral estoppel is that an issue of ultimate fact has once been determined in the defendant's favor. Schiro v. Farley, 114 S.Ct. 783, 790 (1994). Because Williams was convicted, not acquitted, of the robbery and burglary charges in the first trial, the prosecution was not collaterally estopped from presenting evidence in the retrial concerning Williams' commission of those offenses.
 
 III.
 
 7
 Williams contends that because the first trial jury found him guilty on the underlying felony charges of robbery and burglary, its inability to reach a verdict on the felony-murder charge must act as an implied acquittal. In support of his argument, Williams cites Green v. United States, 355 U.S. 184 (1957). In Green, the defendant was charged with first degree murder. Id. at 185. The trial judge instructed the jury on both first and second degree murder. Id. The jury returned a verdict of guilty as to second degree murder, but was silent as to first degree murder. Id. at 186. Under those circumstances, the Supreme Court found that there was an implied acquittal on the first degree murder charge. Id. at 190-91.
 
 
 8
 The rule in Green is inapplicable here. In Williams' first trial, the jury was not silent on the felony-murder charge. The trial court judge was specifically informed that the jurors were deadlocked and there was no reasonable probability that they could agree on a verdict as to the murder charge. In such a situation, acquittal could not be implied anymore than could guilt. Therefore, the guilty verdicts in the first trial on the robbery and burglary charges did not act as an implied acquittal of the felony-murder charge.
 
 IV.
 
 9
 Williams contends that his murder conviction was unconstitutional because he was charged with premeditated murder under California Penal Code Sec. 187, but was convicted of felony-murder under Penal Code Sec. 189, which was not a charge contained in the second amended information. Although premeditated murder under Sec. 187 and felony-murder under Sec. 189 are both defined as first degree murder, Williams contends that these statutes describe two fundamentally different crimes.
 
 
 10
 In determining whether Williams was sufficiently notified of the charges against him under the Sixth Amendment, we are guided by our decisions in Sheppard v. Rees, 909 F.2d 1234 (9th Cir.1990), and Morrison v. Estelle, 981 F.2d 425 (9th Cir.1992), cert. denied, 113 S.Ct. 2367 (1993). In Sheppard, the defendant was charged and tried on the theory of premeditated murder under Penal Code Sec. 187. 909 F.2d at 1235. He had not been charged with any of the enumerated felonies listed in Penal Code Sec. 189, which could subject him to prosecution for felony-murder. The prosecution did not raise the felony-murder theory either before or during the trial. Id. The day after both attorneys had submitted and argued their jury instructions to the court, the prosecution for the first time requested a felony-murder instruction, which the court granted over the objection of the defendant's counsel. Id. at 1235-36. The jury subsequently convicted the defendant of first degree murder without specifying which legal theory supported the verdict. Id. at 1236.
 
 
 11
 In reversing the district court's denial of a writ of habeas corpus, the Sheppard court originally held that the primary charging document was constitutionally insufficient "to put the defendant on notice that he may have to defend against a charge of felony-murder." Id. This holding was subsequently made moot by the State's admission at a rehearing that the defendant was "ambushed" by the prosecution. Id. The court then went on to hold that such a denial of notice could not be harmless error. Id. at 1237.
 
 
 12
 However, the mere fact that the charging information may not have provided Williams with adequate notice of a felony-murder theory is not dispositive. As the Sheppard court itself noted:
 
 
 13
 An accused could be adequately notified of the nature and cause of the accusation by other means--for example, a complaint, an arrest warrant, or a bill of particulars. Similarly, it is possible that an accused could become apprised of the particular charges during the course of a preliminary hearing. Any or all of these sources--or perhaps others--might provide notice sufficient to meet the requirements of due process, although precise formal notice is certainly the most reliable way to comply with the Sixth Amendment.
 
 
 14
 Id. at 1236 n. 2 (citation omitted). Subsequent to the decision in Sheppard, this court held that a defendant charged with first degree murder under Sec. 187 can also be given adequate notice of a felony-murder theory from the testimony at trial. Morrison v. Estelle, 981 F.2d 425 (9th Cir.1992).[1]
 
 
 15
 We hold that under the testimonial notice rule set forth in Morrison, Williams received adequate notice of a felony-murder theory to comply with the Sixth Amendment. An examination of the testimony in his retrial indicates that sufficient evidence was presented to the jury to prove that Williams had committed robbery and burglary at the time of the murder. Vanessa Whaley, one of the robbery victims, testified that: (1) three men entered her aunt's home; (2) one of the men was armed; (3) the armed man demanded and received money and a necklace from her; (4) the men left through the back door when they thought someone was approaching; (5) she heard a loud noise sounding like a backfire; (6) the men then returned; and (7) the men found a purse, took it and left. It is evident that the prosecution presented sufficient evidence regarding Williams' commission of robbery and burglary at the time of the murder to alert him to the possibility that the prosecution would seek conviction under a felony-murder theory. Therefore, the notice requirement of the Sixth Amendment was satisfied.
 
 V.
 
 16
 For the reasons stated above, the district court's order denying Williams' petition for a writ of habeas corpus is
 
 
 17
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In Morrison, the defendant had stopped on the side of a roadway after his truck became disabled. 981 F.2d at 426. A police officer stopped to offer his assistance, but after an initial conversation, the officer frisked the defendant. Id. Thereafter, a struggle ensued and a witness observed the defendant shoot the officer with what appeared to be a police service revolver. Id. The officer subsequently died at a hospital. Id. The officer's revolver was found near the scene containing two unfired bullets and four empty cartridge cases. Id. The defendant's driver license and gun were found in the officer's shirt pocket and right front pants pocket, respectively. Id. at 427
 In rejecting the defendant's claim that he was denied adequate notice of a felony-murder theory, this court concluded that it was "reasonable in infer Morrison's intent to take back his license and his .22 caliber gun and Morrison's intent to rob the officer by taking the officer's revolver." Id. at 429. As a result, the court held that "the prosecutor ... provided notice of a felony-murder theory by presenting sufficient evidence of appellant's intent to commit robbery." Id. at 428-29.